**SO ORDERED: June 16, 2009.**



**Anthony J. Metz III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BARRY WAYNE WORLAND | ) | CASE NO. 08-2148-AJM-13 |
| KIMBERLY JOY WORLAND | ) | |
| | ) | |
| Debtors | ) | |

### ORDER DENYING DEBTORS' AMENDED MOTION FOR SANCTIONS

The Debtors filed this chapter 13 case on March 4, 2008.  Debtor Barry

Worland's  ("Barry") child support debt owed to Cindy Baugher was scheduled as an

unsecured priority debt in the amount of $14,221.00  Cindy Baugher filed a proof of

claim for $14, 765.  The  Debtors' chapter 13 plan was confirmed on December 23,

2008 and proposes to pay a base of no less than $52,465 over 60 months, with Cindy

Baugher's child support claim valued at $14,766 and paid in full through the plan as a

priority claim.

The Debtors were entitled to a $400 refund for tax year 2008.  The Marion

1

County Prosecutor's Office, Child Support Division ("MCPO") intercepted the tax refund and garnished Barry's wages.  The Debtors then moved on a emergency basis for the turnover of the tax refund check and for the release of the garnished wages.  As a result of the emergency hearing held on April 21st, the Court ordered MCPO to cease the wage garnishment and to release the garnished wages and set May 8th as the hearing date to consider turnover of the tax refund check.  The MPCO on April 24th notified Barry's employer to terminate the wage garnishment.

The tax refund check was being held by an entity responsible for tracking child support payments.  As a result of the May 8th hearing and proceedings that followed, the MCPO on May 11th directed the tracking entity to release the refund to Barry.  The Debtors requested sanctions against the MCPO and the Court took that matter under advisement.  After the May 8th hearing, the Court established May 26th as the deadline by which the parties could submit citation of legal authorities in support of their respective positions.  The MCPO filed its brief in opposition to sanctions on May 26th; the Debtors requested and received an extension up to and including June 4th.  No brief or citation of legal authorities has been filed by the Debtors. [1]

### Discussion

The Debtors maintain that the MCPO violated both the automatic stay and the confirmation order in intercepting the refund and garnishing Barry's wages.  The debt for which the refund was intercepted and the wages garnished is a debt for past due

---

[1] This order constitutes findings of fact and conclusions of law to the extent required under Fed. R. Bankr. P. 7052.

child support, a "domestic support obligation".  See  11 U.S.C. §101(14A). [2]   Under pre-

BAPCPA [3] law, the holder of a child support claim could continue to collect support post

filing without violating the stay as long as the amounts collected were not "property of

the estate".  In the case of a confirmed chapter 13 plan, post petition wages that were

not necessary to fund the plan were no longer "property of the estate" and therefore a

support claimant could pursue those assets without running afoul of the automatic stay.

*In re Heath*, 115 F.3d. 521 (7th Cir. 1997).  The Debtors' motion for sanctions does not

expound on whether the garnished wages and the tax refund were necessary to fund the

plan (and hence, were property of the estate), but such is a moot point, given

BAPCPA's changes to Section 362.

        BAPCPA greatly enhanced a claimants' ability to collect child support.  Under

BAPCPA, even property of the estate can be the subject of an income withholding order

as long as it is for payment of a domestic support obligation, without violating the stay.

11 U.S.C. §362 (b)(2)(C).  Because the definition of "domestic support obligation" is

broadly defined to include a child support debt that "accrues before, on or after" the

date of the order for relief, §362(b)(2)(C) excepts from the stay income withholding

orders imposed before, on or after the filing date.  *In re Gellington*, 363 B.R. 497, 501-

02 (Bankr. N. D. Tex. 2007). Furthermore, Section 362(b)(2)(F) excepts from the stay

---

[2] Section 101(14A) defines "domestic support obligation" in part as "a debt that accrues before, on or after the date of the order for relief in a case under this title....owed to over recoverable by ....a spouse, former spouse, or child of the debtor ...in the nature of alimony, maintenance or support...of such spouse, former spouse, or child..established or subject to establishment before, on or after the date of the order for relief in a case under this title..by reason of applicable provisions of...a separation agreement, divorce decree, or property settlement agreement...".

[3] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.  Most provisions of BAPCPA became effective on October 17, 2005.

the intercept of a tax refund for the payment of a court-ordered child support obligation. MCPO's intercept of the tax refund and garnishment of Barry's wages did not violate the automatic stay since such acts are excepted from the stay under §362(b)(2)(C) and (F).

MCPO's actions did not violate the automatic stay, but they did violate the confirmation order. Neither the confirmed plan nor the confirmation order provides for the MCPO to garnish Barry's wages or intercept the Debtors' tax refund as a method of satisfying the support claim. Rather, the confirmed plan clearly provides for the full payment of the support claim through the plan. Under §1327(a), the provisions of a confirmed plan bind all creditors regardless of whether they objected to confirmation, and neither Cindy Baugher nor the MCPO objected to confirmation of the plan.

Despite the violation, the MCPO argues that it proceeded in good faith in that it relied on the §362(b)(2)(C) and (F) stay exceptions. Furthermore, the MCPO argues in its brief that it had "no opportunity to attempt to resolve the situation" prior to the May 8th hearing because the Debtors' attorney did not contact MCPO before filing the motion for sanctions, turnover of the refund, and release of the garnished wages. MCPO notes that it promptly requested termination of the wage garnishment once it received the Court's April 22nd order. Shortly thereafter, on May 11th, it requested the tax refund to be returned to Barry and such was done on May 12th.

The Court finds that no sanction should be issued for MCPO's violation of the confirmation order. MPCO justifiably believed that its actions did not violate the automatic stay, and in fact, they did not violate the stay. Furthermore, MCPO acted promptly to terminate the wage garnishment and recover the tax refund check for Barry once it received the Court's orders as a result of the April 21st and May 8th hearings.

4

Sanctions are not warranted and none will be awarded.  The MCPO's timely return of the refund check and termination of the wage garnishment suffices.  See, *Gellington*, 363 B.R  at 502-03. [4]

# # #

Distribution:

John McManus, Attorney for the Debtors
Elisha M. Comer, Deputy Prosecuting Attorney, for MCPO
Case Trustee
United States Trustee

---

[4]  In the May 8th hearing, the Debtors submitted a copy of the case of *In re Dagen*, 386 B.R. 777 (Bankr. D. Co. 2008) for the Court's consideration, but that case does not help the Debtors' cause. Despite the *Dagen* opinion having been issued in 2008, the debtor in Dagen filed his bankruptcy case in April, 2005 and therefore the provisions of BAPCPA did not apply.  Like the case at bar, *Dagen* involved a debtor whose confirmed plan provided for full payment of a past due support obligation through the plan. However, unlike the case here, the debtor in *Dagen* continued to accrue post petition support obligations. After confirmation, the support claimant moved for and obtained limited relief from stay but the order granting such relief clearly provided that, while the claimant could go back to divorce court to obtain an order regarding division of property, she could not institute collection proceedings to enforce that order. The support claimant notified the child support enforcement agency of the insurance company making the debtor's disability payments.  Those payments were garnished and applied to prepetition support debt. The debtor sought sanctions against the support claimant for causing the wage garnishment to be issued. The court determined that the automatic stay barred collection of support debts only as to property of the estate.  The court adopted the "estate termination approach", meaning that, upon confirmation of a chapter 13 plan, all property revests with the debtor and the estate is terminated.  Because the wages collected were no longer property of the estate, the support claimant did not violate the stay.  However, the support claimant was found to be in violation of the confirmation order, but was not sanctioned.  Instead, the Court allowed the claimant either to disgorge that which had been collected in payment of the prepetition claim, or apply it to her post petition claim.  The court likewise noted that neither the automatic stay nor the confirmation order barred the support claimant from collecting post petition support.